**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3188-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

HORACE L. PARKER,

    Defendant-Appellant.

_____

Submitted January 7, 2026 – Decided January 15, 2026

Before Judges Mayer and Paganelli.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 17-12-0823.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Lee March Grayson, Designated Counsel, on the brief).

Wayne Mello, Acting Hudson County Prosecutor, attorney for respondent (Patrick F. Galdieri, II, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief; Megan Nevins, law student, appearing pursuant to Rule 1:21-3(b), on the brief).

PER CURIAM

Defendant Horace L. Parker appeals from a July 10, 2023 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm substantially for the reasons stated on the record by Judge Carlo Abad.

Defendant entered into a negotiated plea on charges of aggravated manslaughter and possession of a controlled dangerous substance with intent to distribute within 1000 feet of a school property. In exchange, the State agreed to recommend a ten-year prison sentence on the aggravated manslaughter charge, subject to an eighty-five percent period of parole ineligibility, concurrent to a five-year prison sentence on the drug charge, subject to a three-year period of parole ineligibility.

The judge sentenced defendant in accordance with the terms of the plea agreement. Defendant appealed, limiting his challenge to the sentence imposed. The matter was placed on a sentencing oral argument calendar. See R. 2:9-11. In an October 28, 2020 order, we affirmed the sentence.

As a self-represented litigant, defendant filed a PCR petition. Defendant's assigned counsel submitted a PCR brief. On July 10, 2023, Judge Abad heard legal arguments on defendant's petition.

2

Judge Abad concluded defendant failed to establish a prima facie claim of ineffective assistance of counsel under the Strickland/Fritz analysis.[1] The judge rejected defendant's assertion that he had inadequate time to meet with his trial counsel and discuss trial strategy. The judge found eight months elapsed from when trial counsel began representing defendant and the date defendant entered a guilty plea. The judge determined "there was ample time for [defendant] to meet with his attorney and discuss any issues [defendant] believed germane to his case."

Judge Abad also rejected defendant's claim that his trial counsel was ineffective in failing to conduct any investigation and, due to that purported failure, defendant was forced to enter a guilty plea. Because defendant failed to allege specific facts in support of his contention, the judge explained he was "unable to adequately a[ss]ess [the] merit[s] of this claim." Moreover, in reviewing the transcript of the plea colloquy, the judge noted defendant acknowledged waiver of the right to a jury trial by agreeing to plead guilty, the waiver was knowing and voluntary, he had adequate time to review the plea

---

[1] Strickland v. Washington, 466 U.S. 668 (1984) and State v. Fritz, 105 N.J. 42 (1987).

A-3188-23

offer with his trial counsel, and he was satisfied with the legal services rendered by his trial attorney.

On appeal, defendant raises the following argument:

THE PCR COURT ERRED IN DENYING THE DEFENDANT'S REQUEST FOR AN EVIDENTIARY HEARING TO EVALUATE HIS CLAIM THAT TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BECAUSE (1) HE DID NOT HAVE ADEQUATE TIME TO CONSULT WITH HIS ATTORNEY; AND (2) HIS ATTORNEY DID NOT CONDUCT AN ADEQUATE INVESTIGATION RESULTING IN A FORCED GUILTY PLEA.

We review denial of a PCR petition where the judge declined to conduct an evidentiary hearing de novo. State v. Lawrence, 463 N.J. Super. 518, 522 (App. Div. 2020). A PCR judge's decision to proceed without an evidentiary hearing is reviewed for abuse of discretion. State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013) (citing State v. Marshall, 148 N.J. 89, 157-58 (1997)). For a defendant to obtain relief based on an ineffective assistance of counsel claim, the defendant must show not only the particular manner in which counsel's performance was deficient, but also that the deficiency prejudiced the defendant's right to a fair trial. See Strickland, 466 N.J. at 687; Fritz, 105 N.J. at 58.

Judge Abad succinctly explained why defendant failed to demonstrate a prima facie showing of his ineffective assistance of counsel claim under the Strickland/Fritz analysis. Defendant presented no specific facts regarding his assertion that trial counsel failed to conduct an adequate investigation, "resulting in a forced guilty plea." Additionally, defendant had ample time, specifically eight months, within which to discuss strategy with his trial counsel.

Further, defendant's allegation that he was forced to plead guilty is belied by the record during the plea colloquy. Defendant expressly testified he had sufficient time to discuss the plea agreement with his defense counsel and was satisfied with the services rendered by his defense attorney. Specifically, defendant denied he was forced to enter a guilty plea. In denying the PCR petition, Judge Abad found defendant's ineffective assistance of counsel claims were "too vague, conclusory[, and] speculative" to warrant an evidentiary hearing.

On this record, we are satisfied Judge Abad correctly concluded defendant failed to establish a prima facie case in support of his ineffective assistance of counsel claim and thus was not entitled to an evidentiary hearing. See State v. Preciose, 129 N.J. 451, 462-63 (1992).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-3188-23